HILDUR ALBERTINA ANDERSON, as Executrix of the Last Will and Testament of Albert Emil Anderson, deceased, and HILDUR ALBERTINA ANDERSON, *et vir,* v. BRUNO ANDERSON.

175 So. 518.

Opinion Filed June 30, 1937.

*T. C. Cork,* for Appellants;

*P. C. Gorman,* for Appellee.

TERRELL, J.—This is a controversy between Hildur Albertina Anderson and her brother, Bruno Anderson, over the estate of their father, Albert Emil Anderson. The appeal is from an order dismissing the bill of complaint which prayed that a certain deed executed by appellant Hildur Albertina Anderson to appellee Bruno Anderson, and describing a one-half interest in the homestead belonging to the estate be cancelled, that appellee be required to account to appellant for his disposition of certain moneys, bonds, and other personal property belonging to the estate that came into his possession, and that appellant be decreed to be the owner of said moneys, bonds, and other property belonging to the estate.

The record discloses that Albert Emil Anderson died in October, 1932, leaving a last will and testament in which he devised all his estate to his daughter, Hildur Albertina Anderson, except the sum of one dollar which he devised to his son. At the time of his death, the testator and his daughter were living with his son, Bruno Anderson, but

such relation had existed for only a few days. They had resided on the homestead except for a few days of his last illness.

It is contended by appellant that for three weeks after her father's death, she was kept in seclusion by her brother, was not permitted to go anywhere except in the presence of her brother or some member of his family, that she was cursed, abused, and mistreated by him, and through sheer humiliation and coercion, she turned over to her brother a large portion of the stocks, money and other assets of her father's estate.

As against this contention, the appellee contends that on his death bed, Albert Emil Anderson called appellant and appellee to his side and asked that a lawyer be procured to change his will, but was assured by them (appellant and appellee, his sole heirs) that they would carry out his wishes concerning the distribution of his estate. Accordingly an agreement was reached whereby the son and daughter agreed to divide the estate between them in substantially equal parts in accordance with the wishes of their father and in consideration that the son would not contest the probate of the will and waive all claims he had against his father's estate. The will was accordingly admitted to probate and Hildur Albertina Anderson executed a deed to her brother describing a one-half interest in the homestead and the personal property was divided accordingly.

On the issue thus made by appellant and appellee, much evidence was taken which is by no means devoid of conflicts, but the chancellor found that the agreement at the father's bedside as above outlined was in fact entered into and should be enforced. We find evidence to support his decree and the showing insufficient to disturb it.

But if this agreement was not made, the record shows that appellant waited more than two and one-half years to

bring her suit after the will was probated and after the time lapsed in which appellee was permitted by law to contest the probate of the will or file any claim against the estate. She is accordingly estopped by her conduct from asserting any claim against appellee for any portion of the estate.

Affirmed.

ELLIS, C. J., and BROWN and BUFORD, J. J., concur.